# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61191-CIV-MORENO/TORRES

JIN ZHI STAR LT. LLC, a Florida
Corporation, and
U.S.CAPITAL/FASHION MALL, LLC, a
Florida Corporation,

    Plaintiffs,

vs.

AMERICAN ZURICH INSURANCE
COMPANY, an Illinois Corporation,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS

    This matter is before the Court on Plaintiffs' Verified Motion for an Award of Attorneys Fees and Costs [D.E. 107] and Bill of Costs [D.E. 108].[1]  After due consideration of the motion, related filings, and the record in this case, and for the following reasons, we recommend that Plaintiffs' motion for attorney's fees be Granted and that Plaintiffs be awarded $60,500.00 in reasonable attorney's fees.  We further recommend that the bill of costs be Granted and that Plaintiffs be awarded $6,939.46 in taxable costs.

---

[1] The Honorable Federico A. Moreno has referred both the motion for fees and costs and the bill of costs to the undersigned Magistrate Judge.  [D.E. 111, 120].

## I.  BACKGROUND

Plaintiffs own an 800,000 square foot mall in Plantation, Florida that was insured by Defendant. The mall was damaged in October 2005 by Hurricane Wilma. In February 2006, Defendant denied Plaintiffs' insurance claim on the ground that the damages were $600,000, an amount below the $5 million insurance policy's named-storm deductible.

Approximately two years later, Plaintiffs discovered that they did not have a copy of the insurance policy in their possession. They obtained what they thought was a true copy of the policy reflecting a $10,000 deductible. On March 25, 2008, Plaintiffs informed Defendant by letter of the $10,000 deductible. They also advised Defendant that they disagreed with the insurer's assessment of the loss and demanded that the disagreement be resolved pursuant to the policy's appraisal process. On April 24, 2008, Plaintiffs provided Defendant with a written estimate for repairs in excess of $18 million. Defendant began its investigation upon receiving the new estimate for damages.  For the next few months, Defendant refused to select an appraiser or engage in the appraisal process.

On July 28, 2008, Plaintiffs commenced this declaratory action in which it asked the Court (1) to compel Defendant to select an appraiser and otherwise participate in the appraisal process; award reasonable attorney's fees to Plaintiffs; and retain jurisdiction to appoint a neutral umpire if the parties' appraisers could not agree on one and to confirm any resulting appraisal award (Count I); and (2) to declare that the applicable deductible in the parties' insurance policy was $10,000, not $5 million

(Count II). Defendant asserted several defenses and also countersued to obtain a declaration that the deductible was $5 million or, alternatively, to reform the policy to reflect a $5 million deductible.

Judge Moreno held a bench trial in this case on March 11 and March 30, 2009. At the conclusion of the trial, Judge Moreno orally ruled in favor of Defendant on Count II and in favor of Plaintiffs on Count I. He found first that the insurance policy delivered to Plaintiffs had a $5 million deductible, and second that Plaintiffs were entitled to proceed with the appraisal process as contemplated by the policy. More specifically, Judge Moreno ruled:

> Therefore, I'm entering final judgment in favor of the plaintiffs finding that the dispute concerning the amount of Hurricane Wilma shall be resolved in the appraisal process. The Court rejects the defendant/insurer's defenses of fraud precluding appraisal and finds that the insured's demand for appraisal was made on a timely basis neither too late nor too soon as claimed by the defendant/insurer.
>
> The insured [h]as complied with the conditions; therefore, the appraisal clause of the insurance contract shall be enforced. . . .
>
> And that's my ruling. I'm not going to enter a written opinion. All I'm going to do is enter final judgment in favor of the plaintiff on the appraisal . . .
>
> * * *
>
> . . . this is my ruling. And the law allows me to do it when I've heard all the testimony just like I can grant summary judgment. I'm taking everything into consideration. If there's any error on this, go to Atlanta before the Court of Appeals.

[D.E. 101 at 94-95].[2]

---

[2] Judge Moreno emphasized that his review was limited to issues relating to coverage. [D.E. 101 at 90, 93]. The issue of damages, he said, was for the appraisal panel, not him.

Accordingly, on March 30, 2009, Judge Moreno entered a written "Final Judgment" in accordance with his oral pronouncements, i.e., in Defendant's favor as to the parties' policy and the amount of the deductible contained therein, and in Plaintiffs' favor with regard to the appraisal process. [D.E. 98]. He compelled the parties to complete appraisal of the damage caused by Hurricane Wilma by July 31, 2009. If they were unable to agree on an umpire, he would appoint one by August 31, 2009. He therefore expressly retained jurisdiction until the end of the appraisal process.

Both parties have appealed the Final Judgment to the Eleventh Circuit Court of Appeals. [D.E. 105, 113]. Plaintiffs have moved to dismiss Defendant's appeal on the ground that the judgment is neither a final order nor an appealable interlocutory order. [*See* D.E. 116-2].[3]

Meanwhile, Plaintiffs moved for an award of attorney's fees pursuant to Florida Statute § 627.428. This statute provides for an award of reasonable attorney's fees upon the rendition of a judgment or decree by any court against an insurer and in favor of an insured. Plaintiffs claim they are the prevailing parties on Count I, having obtained judgment in their favor on the issue of the appraisal process. They therefore seek an award of fees under the statute in the amount of $73,545 to $82,923.75, for 245.15 to 255.15 hours of work at a rate of $300 to $325 per hour. [D.E. 107 at 5-6]. In addition, Plaintiffs seek to recover $6,939.46 in taxable costs pursuant to 28 U.S.C.

---

[3]   On August 17, 2009, the Eleventh Circuit ordered the parties to brief this issue. *See Jin Zhi Star Lt. LLC v. American Zurich Ins.*, Case No. 09-12121-GG (11th Cir.).

§§ 1920 and 1924 [*Id.* at 6-7; D.E. 108] and $6,226.25 as compensation for their attorney's fee expert. [D.E. 107-2 at 5].

Defendant opposes an award of attorney's fees, primarily on the ground that Plaintiffs have not prevailed as required for an award of fees under § 627.428. Defendant also contends that the amount of fees requested is not reasonable based on counsel's proposed hourly rate and the number of hours he claims to have expended in connection with Count I. Defendant also opposes an award of taxable costs on the grounds that both parties prevailed in this case and that the request is premature.[4]

## II.   ANALYSIS

### A.   *Entitlement to Attorney's Fees*

The sole basis for awarding attorney's fees to Plaintiffs in this case is Fla. Stat. § 627.428.[5] The statute provides in relevant part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

---

[4] Judge Moreno denied Defendant's unopposed motion to stay the determination of attorney's fees during the pendency of the appeal. [D.E. 120].

[5] The parties agree that in this diversity case, Florida law governs our determination on attorney's fees. *See, e.g., Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.,* 270 Fed.Appx. 962, 963 (11th Cir. 2008) ("We have consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law."); *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (Fla. 2000) (determining that Fla. Stat. § 627.428 is substantive law under the *Erie* doctrine).

Fla. Stat. § 627.428(1).

Defendant opposes an award of attorney's fees at this juncture in the litigation. Defendant points out that attorney's fees are awardable under § 627.428 only after a final judgment or decree has been entered. It is Defendant's position that Judge Moreno's "Final Judgment" entered on March 30, 2009, was not final for purposes of the statute. Indeed, Defendant argues that the issue of whether the "Final Judgment" was final is an open question that is presently pending before the Eleventh Circuit. It cites Plaintiffs' motion to dismiss Defendant's appeal of the Final Judgment, where Plaintiffs argue that more work remains to be done in our court in connection with Count I.

Moreover, Defendant argues that Plaintiffs are not prevailing parties because they have not yet prevailed on appeal and below, and thus are not yet (if ever) entitled to fees under § 627.428. Defendant also notes that fees will continue to be incurred, both in our court and on appeal, and that judicial economy will best be served by deciding the fees issue afer appeal. In addition, Defendant asserts that there has been no finding of wrongdoing against it that would warrant an award of fees under § 627.428. We note that Defendant is not claiming that Plaintiffs would *never* be entitled to fees under this statute, only that any award under § 627.428 would be premature at this point in the litigation.

Defendant's argument presupposes that Judge Moreno's Final Judgment must be a final order or appealable interlocutory appeal under the federal rules of appellate procedure in order to qualify as a "judgment" under § 627.428. We disagree. Whether

the Final Judgment will trigger review by a federal appellate court is an entirely different (and unrelated) question from whether it triggers application of a state statute authorizing an award of attorney's fees in insurance cases. For present purposes, we look to the language of the statute and relevant caselaw to determine whether § 627.428 applies here. We find it does.

This statute clearly provides that attorneys' fees shall be awarded against the insurer when judgment is rendered in favor of an insured. *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003). The purpose of the statute "is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company." *Id.*; *see also Insurance Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) (same); *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 679 (Fla. 4th DCA 2005) ("The purpose behind section 627.428 is plainly to place the insured . . . in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees."). Another purpose is to encourage insurers to resolve disputes with their insureds without judicial intervention. *Grow v. First Nat'l Ins. Co. of Am.*, No. 3:06cv11/MCR/MD, 2008 WL 141481, at *2 (N.D. Fla. Jan. 11, 2008); *see also Leaf v. State Farm Mutual Auto. Ins. Co.*, 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989) (purpose of § 627.428 is "to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so." (internal citation omitted)).

Under this statute, "an insured may recover attorney's fees incurred in reaching a settlement, compelling arbitration or appraisal, or conducting an appraisal." *Grow*, 2009 WL 141481, at *3 (internal citations to several cases omitted). Section 627.428 does not even require an insured to succeed on the merits of a case in order to recover attorney's fees. *Prime Ins. Syndicate*, 270 Fed.Appx. at 964 (holding that an insured was entitled to attorney's fees under § 627.428 even though insurer's declaratory action was dismissed for lack of subject matter jurisdiction and thus no ruling on the merits had been reached).

In our case, Plaintiffs was forced to file a declaratory action to compel Defendant's participation in an appraisal process that was contemplated by the insurance contract between the parties. Plaintiffs then obtained a final judgment ordering the relief they sought. Judge Moreno clearly intended his Final Judgment to be final. He said as much when he stated that any party who disagreed with his ruling could apply to the appellate court for relief. We find that the entry of the Final Judgment triggers application of § 627.428 and an award of reasonable attorney's fees at this time.

The cases that Defendant cites in support of its argument that Plaintiffs must prevail on appeal and below are inapposite. They deal with requests for attorney's fees incurred on appeal, not for fees incurred in the trial court during the pendency of the appeal. In each case, the appellate court reversed a ruling for the insurance company and remanded the case back to the trial court for further proceedings. Thus, in those cases, there had been no judgment entered in favor of the insured, and thus there could

be no determination that the insured had prevailed in the litigation. *See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1280 (11th Cir. 2007) (reversing district court's rulings in favor of insurer after finding that genuine issues of material fact existed; request for appellate fees under § 627.428 was premature and would be permissible only upon the insured's obtaining a final judgment in the district court); *Duke v. Hoch*, 475 F.2d 761, 762 (5th Cir. 1972) (reversing judgment for insurer and remanding for further proceedings; request for attorney's fees for services rendered on appeal was premature because "the cause is not yet concluded in his favor, and we think that he has not yet 'prevailed' in the statutory sense." (citing *Segelstrom v. Blue Shield of Fla., Inc.*, 233 So. 2d 645 (Fla. 2d DCA 1970) (same))); *Dawson v. Blue Cross Ass'n*, 293 So. 2d 90, 95 (Fla. 1st DCA. 1974) (same). Defendant has not cited any decision in which fees were denied in circumstances like those before us. We think Plaintiffs have prevailed for purposes of an award of attorney's fees under § 627.428 in this court.

Finally, Defendant suggests that because there has been no explicit finding of wrongdoing against it, no award under the statute is warranted. We find this argument meritless. *See, e.g., Lexow*, 602 So. 2d at 465 (insurer's good faith in bringing declaratory action to determine the parties' rights and obligations under an insurance contract was irrelevant; "[i]f the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees.").

### B.  *Amount of Attorney's Fees*

We turn, then, to the amount of fees to be awarded to Plaintiffs' attorney, Jeffrey Golant.  Plaintiffs seek $73,545 to $82,923.75 in fees, based on 245.15 to 255.15 hours of work at a rate of $300 to $325 per hour.  They have filed in support of their request Mr. Golant's affidavit and billing records as well as an affidavit from an attorney's fees expert.  Defendant complains that both the hourly rate and the number of hours expended in conjunction with Count I, the claim on which Plaintiffs prevailed, are excessive.  Based on the recommendation of its own fee expert, Defendant suggests an hourly rate of $250-275 is appropriate here.  Defendant also suggests that the number of compensable hours be reduced to 220.  Applying an hourly rate of $250 to 220 hours of work, Defendant concedes that "a reasonable award of attorney's fees in this case, if entitlement is shown, would be $55,000." [D.E. 124 at 12].

We use the federal "lodestar" method to determine reasonable attorney's fees under § 627.428.  *See, e.g., Wendell v. USAA Cas. Ins. Co.*, No. 8:08-cv-536-T-23EAJ, 2008 WL 1971451, at *1 (M.D. Fla. July 8, 2009); *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150-51 (Fla. 1985) (adopting the federal lodestar approach to set reasonable attorney's fees).  The lodestar method consists of determining the reasonable hourly rate, then multiplying that number by the number of hours reasonably expended by counsel. *E.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Hous. Auth. of Montgomergy*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Harbaugh v. Greslin,* 365 F. Supp.2d 1274, 1279 (S.D. Fla. 2005).  The applicant seeking fees bears the burden of documenting appropriate hours and hourly rates.

*ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). In awarding attorney's fees, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428.

### 1. *Reasonable Hourly Rates*

When calculating the lodestar amount, the Court first determines the reasonable hourly rate. The Eleventh Circuit defines the reasonable hourly rate to be the "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299. Several well-established factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[6] The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish that the requested rate is in accord with the

---

[6] The *Johnson* factors are essentially the same as those outlined in *Rowe*. *Rowe*, 472 So. 2d at 1150 n.5. The *Johnson* factors are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson,* 488 F.2d at 717-719.

prevailing market rate. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates [and] . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). In the end, however, the Court is deemed an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

As noted, Plaintiffs assert that a reasonable rate for Mr. Golant is in the range of $300-325 per hour, while Defendant proposes $250-275. Based on our review of the case and taking into account the relevant *Johnson* factors, including the fact that Mr. Galant is a solo practitioner with approximately five years' experience practicing law and this case involved a one-time client with a contingency fee, we find that $275 is a reasonable hourly rate for Mr. Golant's services. It is commensurate with the rates charged in this legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.

### 2. *Hours Reasonably Expended*

The second component of the lodestar method requires the Court to determine the amount of hours reasonably expended by Plaintiffs' attorney. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU*

*of Georgia,* 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  This means that the "district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court must disallow those hours requested that are excessive and should not be assessed against Defendants.  Fee applicants must exercise what the Supreme Court has termed "billing judgment."  *ACLU v. Georgia*, 168 F.2d at 428 (quoting *Hensley*, 461 U.S. at 434).  "[R]easonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary."  *Yahoo!, Inc.,* 329 F. Supp. 2d at 1183 (also quoting *Hensley*, 461 U.S. at 434).

Consequently, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Id.*  The burden is upon the applicant for fees to submit detailed documentation that will assist the court in determining the amount of fees to properly and reasonably award.  *ACLU of Georgia,* 168 F.3d at 427.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded.  *Id.*

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded.  *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Plaintiffs seek compensation for 245.15 to 255.15 hours[7] which they claim their attorney reasonably expended in connection with obtaining the judgment in Plaintiffs' favor on Count I. This figure is a reduction in the total number of hours Mr. Golan claims he spent on Count I (282 hours), based on the recommendations of Plaintiffs' fee expert.

Defendant argues that the 245.15 hour figure should be reduced further because some of the hours (a) appear to be duplicative, excessive, or atypical (25.9 hours); (b) were not incurred as a result of this litigation (16.6 hours[8]); and (c) were for time spent traveling (8 hours). This totals 50.5 hours, but Defendant suggests that the number of hours be reduced by 10 percent to arrive at a reasonable amount of time spent on Count I, i.e., 220 hours. [D.E. 124 at 12].

We agree with Defendant that several of these entries should be eliminated or reduced. First, we will not award fees for any travel time, which we find are not warranted here. This eliminates 8 hours for additional travel that appear to have been inadvertently left in the final fees request. [*Id.* at 11-12].

---

[7] The 10 hour discrepancy relates to time Mr. Golant spent traveling to Tampa to depose two of Defendant's witnesses. Mr. Golant acknowledges that travel time is not ordinarily compensable under the Florida Supreme Court Uniform Guideliness to Taxable Costs. However, he says that the circumstances here – the complexity of the case, the massive volume of documents, and the fact that Defendant could have produced its witnesses locally – warrant payment for his travel time. Hence, Mr. Golant includes the 10 hours in his fees request, and thereby calculates a total of 255.15 compensable hours. However, Plaintiffs' fee expert excludes the 10 hours, and so comes up with 245.15 compensable hours.

[8] This 16.6 hour figure does not include .7 hour that Defendant says were expended to litigate the deductible claim on which Plaintiffs did not prevail. [D.E. 124 at 10]. Defendant represents that Mr. Golant has agreed he will not seek compensation for this time. [*Id.*].

Next, we eliminate entirely the 4.2 hours expended on 7/31/08 to "assist and coordinate move of documents from storage unit to office." [*Id.* at 10]. We find excessive and/or duplicative the 5.5 hours and 6.2 hours, respectively, that were spent on 1/19/09 for "email exchange and drafting and editing of proposed joint pretrial stip" and "ongoing email correspondence with opposing counsel and complete pretrial stipulation including objections to Zurich's exhibit list." [*Id.* at 10-11]. We find excessive the 2 and 4 hours, respectively, that were spent on 8/9/08 and 8/10/08 to "review August 8th letter from R. Bixby and begin draft response" and "draft extensive response to recent Bixby letter." [*Id.* at 10]. We find excessive and possibly clerical the 4 hours expended on 10/29/08 for "work on privilege log of emails." [*Id.* at 11]. Of the 25.9 hours cited by Defendant as objectionable, we find 10 hours to be compensable.

Finally, Defendant contends that approximately 16.6 hours were spent for claim preparation and document preparation. [*Id.*]. The lawsuit was filed on July 28, 2008, and Mr. Galant's billing records begin on July 27, 2008. We cannot tell from these records whether the approximately 16.6 hours, which Defendant has not specifically identified, were expended solely for matters unrelated to this litigation. Accordingly, we decline to eliminate these hours from the total number of compensable hours.

In sum, we will reduce the number of hours for which Mr. Golan should reasonably be compensated, from 245.15 to 220. Applying an hourly rate of $275 to 220 hours, we recommend that $60,500.00 is a reasonable attorney's fees for Mr. Golan in this matter.[9]

---

[9] Plaintiffs are at present seeking to obtain the billing records of defense counsel to further support the reasonableness of their fees request. Nothing therein

Plaintiffs also request $6,226.25 as compensation for their fee expert, for 14.65 hours expended to support their fees motion at a rate of $425 per hour. [D.E. 107-2 at 5]. Defendant has not interposed an objection to this fee. However, Plaintiffs' motion is based on Florida law, which does not permit an award of "fees upon fees." *See Eugene v. 3Don & Partner Estate Group, LLC,* No. 07-80439-CV, 2009 WL 996016, at *19 (S.D. Fla. April 14, 2009) (denying request for fees of attorney's fee expert based on Florida statute; citing *Oquendo v. Citizens Prop. Ins. Corp.*, 998 So. 2d 636, 637 (Fla. 3d DCA 2008), which in turn cites *Lugassy v. Indep. Fire Ins. Co.*, 636 So. 2d 1332, 1336 (Fla. 1994) (holding that attorney's fees may properly be awarded under § 627.428 for litigating the issue of entitlement to attorney's fees, but not for litigating the amount of attorney's fees)). Accordingly, we deny Plaintiffs' request for expert fees.

In conclusion, we recommend that Plaintiffs be awarded a total of $60,500.00 in reasonable attorney's fees.

C.   *Entitlement to and Amount of Costs*

Plaintiffs also seek to recover $6,939.46 in taxable costs that they say were necessarily incurred in this case, pursuant to 28 U.S.C. §§ 1920 and 1924. [D.E. 107 at 6-7; D.E. 108].

In diversity cases, federal law controls the award of costs. *Eugene,* 2009 WL 996016, at *12. Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those

---

would affect our determination today, and we thus will deny it as moot.

expenses enumerated in 28 U.S.C. § 1920.[10]  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).

Defendant suggests that because both sides prevailed in this litigation, we should decline to award costs to either. Defendant also argues that the request is premature at this point as Plaintiffs have yet to recover anything from Defendant. We note that Defendant has not objected to any of the items for which Plaintiffs seek reimbursement.

Plaintiffs initiated this litigation in order to compel Defendant to participate in the appraisal process. That result has been achieved, with Final Judgment being entered in Plaintiffs' favor on Count I. Clearly Plaintiffs have prevailed in this litigation, at least with respect to this issue. We see no sound reason why Plaintiffs should *not* be reimbursed for their reasonable and necessarily-incurred costs.

Defendant does not dispute that any of the costs for which reimbursement is sought here – (a) fees of the Clerk ($350); (b) fees for service of summons and subpoena ($125); (c) fees of the court reporter to attend and transcribe the depositions of seven

---

[10]   The following costs are permitted under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

witnesses ($6,412.39); and (d) fees for exemplification of the complaint ($52.07) – are reasonable and were necessarily incurred in connection with this case. *See, e.g., Eugene*, 2009 WL 996016, at *14 (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case."). Absent any objection as to any particular cost, we recommend that Plaintiffs be awarded $6,939.46 in taxable costs.

### III.   CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that

1.   Plaintiffs' Verified Motion for an Award of Attorneys Fees and Costs [**D.E. 107**] be **GRANTED** and that Plaintiffs be awarded a total of $60,500.00 in reasonable attorney's fees.

2.   Plaintiffs' Bill of Costs [**D.E. 108**] be **GRANTED** and that Plaintiffs be awarded a total of $6,939.46 in taxable costs.

FURTHERMORE, it is hereby ORDERED

3.   Plaintiffs' Motion to Compel Responses to Attorney Fee Discovery [**D.E. 127**] is **DENIED AS MOOT**.

4.   Defendant's Motions for Extensions of Time to File Reply [**D.E. 125, 126**] are **GRANTED** nunc pro tunc.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A Moreno, United States District Judge. Failure

to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 25th day of August, 2009.

_____
EDWIN G. TORRES
United States Magistrate Judge