08-61191.o5

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-61191-CIV-MORENO-BROWN

JIN ZHI STAR LT. LLC, a Florida Corporation,
and US CAPITAL/FASHION MALL, LLC,
a Florida Corporation,

    Plaintiffs,

vs.

AMERICAN ZURICH INSURANCE
COMPANY, an Illinois Corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR DISCOVERY

**This matter** is before this Court on Plaintiff...s' Motion for Discovery (D.E. 264). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court finds that the request made is not an unreasonable one and is, for the most part, mis-characterized by defendant. Unfortunately, once again, the litigiousness of the parties interferes with the merits of the request.

First, the Court will address compliance with Local Rule 7.1(a)(3). It was not properly complied with in this situation. Indicative of how this case is being litigated is the statement by plaintiff that there is no "authority for the proposition Local Rule 7.1(a)(3) requires counsel to discuss every detail of an anticipated request to the Court with the opposing party." (Reply p. 5). What part of "good faith" is counsel missing? It's not "an anticipated request to the Court" that this

1

rule is about, it's about a discovery disagreement between the parties that, in most cases, should be worked out/compromised between professional parties without the need for the Court to act as referee. It is not "anticipated" until after the parties are unable, using the aforementioned good faith, to compromise. The rule does not exist as some speed bump counsel must travel to run to the Court - it exists because problems should be worked out wherever and whenever possible before coming to the Court. This rule exists so the parties will discuss exactly <u>and entirely</u> what their problems are to try to resolve them before running to the Court . . . not to go through some charade so as to cross the "speed bump" and run to litigate some more. While this diatribe is directed to plaintiff's counsel, given the history of this case, it is not one-sided. The Court must agree that the parties can't agree on who is signing this order, much less anything else. Were it not for that fact, this motion would be denied without further comment.

Turning to the merits of the motion, itself, defendant simply wants to use this motion to - for the umpteenth time, re-open discovery. Then it states "At first glance... [the] Proposed Interrogatory appears to address Skylights and the Curtain Wall" (Resp. p. 5). "Appears"?  The interrogatory seems quite clear on its face. Then defendant claims it "actually relates to the separate issue of what is due under the Policy for 'glass', not what is due for Skylights of the Curtain Wall."  This magical transformation is not supported with anything concrete, much less anything  convincing.

The next argument is that the interrogatory seeks policy interpretation - which - defendant correctly argues is for the Court (Resp. p. 6). The problem is that defendant leaves out that the proposed interrogatory seeks the <u>factual basis</u> for defendant's position. If a policy covers "all blue cars" and the insurance company has a picture of the car that shows it is red, while the Court must interpret the words of the policy, would that picture not be important to the Court?

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**. Said interrogatory shall be deemed submitted to defendant as of the date of this order and shall be answered on or before March 26, 2012.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of March, 2012.

                                                              s/Stephen T. Brown
                                              STEPHEN T. BROWN
                                              CHIEF U.S. MAGISTRATE JUDGE

cc:    Honorable Federico A. Moreno
       Counsel of record