UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61191-CIV-ROSENBAUM/SELTZER

JIN ZHI STAR LT, LLC,
a Florida corporation, and
U.S. CAPITAL/FASHION MALL, LLC,
a Florida corporation,

                Plaintiffs,

v.

AMERICAN ZURICH INSURANCE CO.,
an Illinois corporation,

                Defendant.

_____/

ORDER DENYING PLAINTIFFS/COUNTER-CLAIM DEFENDANTS'
MOTION TO STRIKE PART OF IVAR HENNINGS' TRIAL TESTIMONY

This matter is before the Court on Plaintiffs/Counter-Claim Defendants Jin Zhi Star LT, LLC,

and U.S. Capital Fashion Mall, LLC's Motion to Strike Part of Ivar Hennings' Trial Testimony and

Part of Ivar Hennings' Expert Report, or, in the Alternative, to Extend the Expert Witness Deadline

in Order to Allow Plaintiffs to Present the Report and Testimony of Javad Ahmad in Rebuttal [D.E.

370]. The Court has carefully reviewed the pending Motion, all supporting and opposing filings, and

the record, and is duly advised in the premises. For the reasons set forth below, the Court now

**GRANTS IN PART and DENIES IN PART** the pending Motion.

In their Motion, Plaintiffs/Counter-Claim Defendants ask the Court to strike the portion of

Ivar Hennings's[1] trial testimony and expert report in which Hennings opined that, because of the

_____

[1]*See* William Strunk, Jr., & E.B. White, *The Elements of Style* 13 (4th ed. 1999).

manner in which the insured property had been designed and built, "the [skylights] at the property

[were] not subject to any safety glazing requirements." D.E. 395 at 2. As a basis for this request,

Plaintiffs/Counter-Claim Defendants assert that Defendant/Counter-Claim Plaintiff failed to provide

the information at issue in response to a discovery request that purportedly sought it. *See* D.E. 370

at 1.

Upon review of the discovery at issue, the Court agrees that Defendant/Counter-Claim

Plaintiff should have disclosed its position that safety glazing was not required for the sky lights, in

response to Plaintiffs/Counter-Claim Defendants' interrogatory. The interrogatory asked,

> Before this case was tried in March, 2009, the parties stipulated that the version of the subject insurance policy found at D.E. 35-9, p. 36 of 116 accurately reflected all non-deductible related provisions of the subject insurance policy. That document contains language stating:
>
> **"7. Valuation"** We [Zurich] will determine the value of the Covered Property in the event of loss or damage as follows:
> . . .
>
> a. At actual cash value as of the time of loss or damage except as provided in b. c., d and e. below (emphasis added)
> . . .
>
> d. Glass at the cost of replacement with safety glazing material if required by law.
>
> The **"7. Valuation"** provision is expressly incorporated into the provision of the subject insurance policy entitled **"4. Loss Payment."**
>
> In light of this language, does Zurich still conten[d] that amount of the appraisal award (found at 144-1), attributed to "Skylights" and to "Curtain Wall" are subject to depreciation? If Zurich does contend that the indemnity awarded through the appraisal process for damage to the skylights and curtain wall can be reduced for depreciation, please provide the entire factual basis for Zurich's position on this issue, including citation to any applicable policy language or legal authority.

D.E. 264 at 3.

Defendant/Counter-Claim Plaintiff filed a lengthy response in which it argued that skylights were subject to depreciation. *See* D.E. 370-2. In so doing, Defendant/Counter-Claim fought the notion that "'[s]kylights' means just glass." *See* D.E. 370-2 at 7. In this regard, Defendant/Counter-Claim Plaintiff explained, "'[S]kylights' are commonly thought of as building systems comprised of glass, framing, sealants, labor, safety equipment and other elements. . . ." *Id.* Defendant/Counter-Claim Plaintiff then turned its attention to "valuation of the 'glass' in the skylights." *Id.* at 8. This portion of the response relied on an estimate of $2,590,392.00 from MEI. *See id.* at 8 (citing D.E. 370-2 at 40). The estimate, in turn, specifically explained that the reason for the cost of the glass to be used in the skylights resulted from "the PVB (plastic) inner layer of the safety glass. That is now a code requirement . . . ." D.E. 370-2 at 40. In other words, in response to the interrogatory, Defendant/Counter-Claim Plaintiff's own valuation of the glass in the skylights specifically contemplated safety glazing, contrary to Hennings's later opinion that such safety glazing was unnecessary under the current code. Nor did Defendant/Counter-Claim Plaintiff ever supplement its response to the interrogatory to indicate its position that actual cash value — not replacement cost value — was applicable to the skylights since, according to its expert, the code did not require safety glazing. Under these circumstances, Plaintiffs/Counter-Claim Defendants were warranted in concluding that they need not disclose an expert by the expert deadline to opine that safety glazing for skylights was required by the building code.

Once Defendant/Counter-Claim Plaintiff served Hennings's expert report on June 2, 2012, however, Plaintiffs/Counter-Claim Defendants were on notice that Defendant/Counter-Claim Plaintiff had modified its position. Of course, June 2, 2012, was the last day to disclose expert

witnesses.  So Plaintiffs/Counter-Claim Defendants could not have timely served an expert report

rebutting Hennings's report within the deadline for identifying expert witnesses.  Based on these

circumstances, Javad Ahmad, whom Plaintiffs/Counter-Claim Defendants seek to testify that the

building code requires safety glazing for skylights, would be a rebuttal expert who could have been

identified only in response to Defendant/Counter-Claim Plaintiff's announcement of its position that

the building code does not require safety glazing for skylights.  The mere fact that, prior to the expert

deadline, Plaintiffs/Counter-Claim Defendants had the foresight to recognize that this might become

an issue does not mean that Plaintiffs/Counter-Claim Defendants were under any obligation to

disclose their expert regarding the need for safety glazing for skylights when Defendant/Counter-

Claim Plaintiff took the position that the building code required safety glazing in skylights in its

discovery response served on Plaintiffs/Counter-Claim Defendants before the expert-disclosure

deadline.

Nevertheless, Plaintiffs/Counter-Claim Defendants never objected to Hennings's report on

the basis that it was untimely until they filed the pending motion on August 5, 2012 — two months

after Hennings's report was served on them and nearly three weeks after Hennings testified at trial.

For these reasons, the Court will not strike Hennings's testimony.

However, nor will the Court allow Defendant/Counter-Claim Plaintiff to derive an unfair

advantage from its late disclosure.  Accordingly, the Court will permit Plaintiffs/Counter-Claim

Defendants to present the testimony of Ahmad during the presentation of its evidence at trial in this

matter.

For the foregoing reasons, Plaintiffs/Counter-Claim Defendants Jin Zhi Star LT, LLC, and

U.S. Capital Fashion Mall, LLC's Motion to Strike Part of Ivar Hennings' Trial Testimony and Part

of Ivar Hennings' Expert Report, or, in the Alternative, to Extend the Expert Witness Deadline in Order to Allow Plaintiffs to Present the Report and Testimony of Javad Ahmad in Rebuttal [D.E. 370] is **GRANTED IN PART and DENIED IN PART**.  The Motion is **DENIED** as it seeks to strike a portion of Hennings's testimony and expert report.  The Motion is **GRANTED** to the extent that it seeks authorization for Javad Ahmad to testify in rebuttal to Hennings's testimony.

        **DONE AND ORDERED** at Fort Lauderdale, Florida, this 11th day of September 2012.


                                                    _____
                                                  ROBIN S. ROSENBAUM
                                                  UNITED STATES DISTRICT JUDGE


copies:        Counsel of Record