**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 08-61191-CIV-ROSENBAUM/SELTZER**

JIN ZHI STAR LT, LLC,
a Florida corporation, and
U.S. CAPITAL/FASHION MALL, LLC,
a Florida corporation,

        Plaintiffs,

v.

AMERICAN ZURICH INSURANCE CO.,
an Illinois corporation,

        Defendant.
_____/

**ORDER REGARDING CONTINUING TRIAL AND**
**PRESENTATION OF ORAL CLOSING ARGUMENTS**

This matter is before the Court on Plaintiffs/Counter-Claim Defendants Jin Zhi Star LT, LLC, and U.S. Capital Fashion Mall, LLC's Motion to Resume and Complete Case in October 2012 [D.E. 388] and Defendant American Zurich Insurance Company's Unopposed Motion for Oral Closing Arguments at the Resumption of This Case in October 2012 [D.E. 399]. The Court has carefully reviewed all supporting and, where applicable, opposing filings, as well as the record, and now **GRANTS** both motions.

In Plaintiffs/Counter-Claim Defendants' Motion to Resume, Plaintiffs/Counter-Claim Defendants seek approximately two hours of time to present evidence in their case. Defendant/Counter-Claim Plaintiff objects to the characterization of Plaintiffs/Counter-Claim Defendants' presentation of evidence as Plaintiffs/Counter-Claim Defendants' case in chief, since

Plaintiffs/Counter-Claim Defendants already presented their case in chief before this matter was transferred from the Honorable Federico Moreno and remanded by the Eleventh Circuit. While the Court recognizes the order of proceedings that has occurred, it is nonetheless worth acknowledging that Plaintiffs are also Counter-Claim Defendants in this lawsuit. Thus, they are entitled to defend against the evidence adduced by Defendant/Counter-Claim Plaintiff during the July 2012 trial period.

Nor, as Defendant/Counter-Claim Plaintiff suggests, did the Court limit Plaintiffs/Counter-Claim Defendants' evidentiary presentation to matters arising out of the depositions taken after the July 2012 trial dates. And Defendant/Counter-Claim Plaintiff did not insist that it do so. To the contrary, the following exchange occurred:

> COURT: All right. Again, Mr. Evans, the question that I need you to answer is, do you have any objection to having Mr. Golant put on his case on the same day that you come back and do the other three witnesses?
>
> MR. EVANS: No, your Honor, I don't.

D.E. 372 at 689:12 - :16.[1] Counsel for Plaintiffs/Counter-Claim Defendants later followed up, asking, "So there will be at least one more day of live evidence or proceedings in any event?" *Id.* at 692:11 - :12. The Court responded,

> If you need — if you need to do it live and you can't agree to it, then absolutely. Or if there's anything that you need to present a witness on, then absolutely. It's your right. And, you know, you've got two days that you can use. . . .

*Id.* at 692:13 - :17. And, while counsel for Plaintiffs/Counter-Claim Defendants noted that he was

---

[1]This transcript has two page-numbering systems: the original numbering system and the one imprinted across the top of the document by the Court's CM/ECF system. This Order refers to the transcript's original page numbers.

not sure that he would wish to call any witnesses in his case, he further indicated that he thought it would be premature "to do a motion for a directed verdict, judgment as a matter of law, until we have [the rest of Defendant/Counter-Claim Plaintiff's] evidence." *Id.* at 685:14 - :16. Moreover, at no point did the Court indicate that it was limiting to rebuttal the scope of evidence that Plaintiffs/Counter-Claim Defendants could present. Particularly in light of the fact that Defendant/Counter-Claim Plaintiff was permitted as a concession by the Court to take depositions of additional witnesses beyond the two days' trial time it was allotted, Defendant/Counter-Claim Plaintiff will not now be heard to complain that Plaintiffs/Counter-Claim Defendants are too late to present their case, since they failed to do so before Defendant/Counter-Claim Plaintiffs took the additional depositions. In short, Plaintiffs/Counter-Claim Defendants may present whatever evidence they wish, subject to the Federal Rules of Evidence, other law, and this Court's rulings, during the continued trial period.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiffs/Counter-Claim Defendants Jin Zhi Star LT, LLC, and U.S. Capital Fashion Mall, LLC's Motion to Resume and Complete Case in October 2012 [D.E. 388] is **GRANTED**. A third day of trial in this matter will be held on **Thursday, October 11, 2012, beginning at 9:00 a.m., at the United States Courthouse, 299 E. Broward Blvd., Room 310-B, Fort Lauderdale, Florida 33301.** Please note that the Courtroom does not have its own electronic equipment, so if the parties intend to use such equipment, they will need to file a motion seeking authorization from the Court, and they will need to bring the equipment with them.

It is further **ORDERED and ADJUDGED** that Defendant American Zurich Insurance Company's Unopposed Motion for Oral Closing Arguments at the Resumption of This Case in

October 2012 [D.E. 399] is also **GRANTED**.  The Court will hear oral closing arguments from counsel for each party at the conclusion of Plaintiff/Counter-Claim Defendants' presentation of evidence.

    **DONE AND ORDERED** this 11th day of September 2012.

                                                _____
                                                ROBIN S. ROSENBAUM
                                                UNITED STATES DISTRICT JUDGE

copies:        Counsel of Record