UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61191-CIV-ROSENBAUM/SELTZER

JIN ZHI STAR LT, LLC,
a Florida corporation, and
U.S. CAPITAL/FASHION MALL, LLC,
a Florida corporation,

      Plaintiffs,

v.

AMERICAN ZURICH INSURANCE CO.,
an Illinois corporation,

      Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
TO PRECLUDE PLAINTIFFS' ATTEMPT TO OFFER DON GIBSON AS A WITNESS

  This matter is before the Court on Defendant American Zurich Insurance Co.'s Motion to Preclude Plaintiffs' Attempt to Offer Don Gibson as a Witness or, in the Alternative, for Other Relief [D.E. 409]. The Court has carefully reviewed the pending Motion, all supporting and opposing filings, and the record, and is duly advised in the premises. For the reasons set forth below, the Court now **DENIES** the pending Motion.

  Plaintiffs seek to "proffer" the testimony of Don Gibson, who served as the appraisal umpire, to address, as Plaintiffs describe it, "Zurich's highly disputed factual assertion that the appraisal award is a 'Replacement Cost' appraisal award, and its related assertion that the amounts awarded include cosmetic matching." D.E. 414 at 2. Zurich opposes Mr. Gibson's testimony on these points, primarily for two reasons: (1) the Court has repeatedly ruled that it is improper to look beyond the

face of the appraisal award, and (2) Zurich has not been permitted to engage in discovery regarding the appraisal. Alternatively, Zurich seeks the opportunity to present the testimony of the other two members of the appraisal panel in rebuttal.

With respect to Zurich's first complaint, Zurich correctly states that this Court has held that it is improper to look beyond the face of the appraisal award. This Court continues to adhere to that ruling. Nevertheless, Zurich insisted throughout the July 2012 trial that the issues of replacement cost value versus actual cash value and of cosmetic matching are ones of coverage, not issues relating to the proper quantification of the appraisal award. While this Court has not yet determined the validity of Zurich's positions in this regard, Zurich devoted a substantial portion of its evidentiary presentation during the July 2012 trial to these matters. And, in its Reply in Support of Its Objection to Plaintiffs' Attempt to Offer Don Gibson as a Witness [D.E. 415], Zurich expends another two pages arguing that the appraisal award is a replacement cash value award. *See* D.E. 415 at 8-9. Under Zurich's theory of the case, this contention would be relevant only if these issues pertained to coverage.

After permitting Zurich to present evidence regarding the issues of replacement cash value versus actual cash value and cosmetic matching under Zurich's theory that such evidence related to coverage defenses, this Court will not preclude Plaintiffs from presenting rebuttal evidence directed to the same issues. If Zurich is correct, and the replacement cash value/actual cash value and cosmetic-matching issues are coverage issues for purposes of Zurich's defense, then they must also be coverage issues for purposes of Plaintiffs' rebuttal.

As to Zurich's second problem, no one has been permitted to engage in discovery regarding

the appraisal award. As a result, the parties stand on the same footing.[1] Nonetheless, this fact does not mean that Zurich has been unable to obtain information regarding the appraisal award. Indeed, Zurich itself presented the testimony of Mr. McNalis during the July 2012 trial. Mr. McNalis served as one of the three men on the appraisal panel. Moreover, a review of Zurich's Reply [D.E. 415] demonstrates Zurich's knowledge of facts concerning the appraisal process as it regarded depreciation and cosmetic matching. *See id.* at 8-9. And Zurich will, of course, be permitted to cross-examine Mr. Gibson regarding the matters to which he testifies. Finally, because the Court will permit Mr. Gibson to testify about the issues of depreciation and cosmetic matching as they relate to the appraisal award, the Court will likewise allow Zurich to present rebuttal evidence regarding strictly those matters raised by Mr. Gibson's testimony.

      **DONE AND ORDERED** at Fort Lauderdale, Florida, this 8th day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:   Counsel of Record

---

[1] It is further worth noting that Zurich has already apparently taken ten depositions, *see* D.E. 414 at 15-16, — the number permitted by the Federal Rules of Civil Procedure in the absence of a court order authorizing more than the presumptive number.